**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SUNTEZ L. PASLEY,

    Petitioner,

v.            Case No. 21-CV-00330-SPM

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Petitioner's *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). After carefully reviewing Petitioner's motion and the Court's own records, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In November 2018, Petitioner pleaded guilty to bank robbery (Case Number 17-CR-30150-SPM-1, Doc. 60, hereafter referred to as "Criminal Case").[1] In March 2019, Judge Michael J. Reagan sentenced Petitioner to a term of imprisonment of 210 months (Criminal Case, Docs. 64. 66).

Petitioner appealed directly to the United States Court of Appeals for the Seventh Circuit. *See U.S. v. Pasley*, 789 Fed. App'x 552 (7th Cir. 2020). In that appeal,

---

[1] Petitioner was represented in this Court by Assistant Federal Public Defender Julie Kathryn Morian (8/25/2017 to 8/28/2017), Assistant Federal Public Defender G. Ethan Skaggs (8/28/2017 to 3/2/2018), Federal Public Defender Stephen R. Welby (3/2/2018 through appeal), and Assistant Federal Public Defender Todd M. Schultz (4/17/2018 through appeal).

Schultz filed an Anders brief arguing that the appeal was frivolous and sought to withdraw as counsel. Petitioner argued in his FED. R. APP. P. 51(b) response that his plea was involuntary and that the Court violated FED. R. CRIM. P. 11(c)(1) by pressuring him to plead guilty. Petitioner also argued that the Court's 210-month sentence was spiteful and unusually harsh. Petitioner additionally claimed that the government breached a purported plea agreement by asking the court to impose the statutory maximum of twenty years. The Seventh Circuit determined that each of these arguments was frivolous. The Court also stated that Schultz rightly decided that Petitioner's above-guidelines sentence of 210 months was reasonable and, therefore, any argument would be frivolous.

In March 2021, Petitioner filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).

## APPLICABLE LEGAL STANDARDS

A one-year limitation period governs petitions to vacate, set aside, or correct a sentence. 28 U.S.C. 2255(f); *Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011). The one-year period is triggered by the latest of four events and typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. 2255(f)(1); *Clay v. United States,* 537 U.S. 522, 524 (2003). A federal criminal conviction "becomes final" for the purpose of calculating the § 2255 deadline when the time expires for the defendant to file a petition for writ of certiorari. *Clay,* 537 U.S. at 527 (In the context of post-conviction relief, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a

writ of certiorari, or when the time for filing a certiorari petition expires."). Petitioner's petition appears to be timely-filed – within one year from when his judgment became final via the expiration of the deadline to file a certiorari petition.

That is not the end of the analysis, though. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In compliance with Rule 4, the Court must examine the Petitioner's § 2255 petition and dismiss if the petitioner is not entitled to relief. Relief under this statute "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). The petitioner must demonstrate an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004).

Prisoners may not use § 2255 as a repeat of or a substitute for direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007). Claims not raised on direct appeal are barred from collateral review unless the petitioner can show good cause for failing to raise the issue earlier and actual prejudice based on the error alleged. *Galbraith v. United States,* 313 F.3d 1001, 1006 (7th Cir. 2002). The ineffective assistance of counsel may provide cause sufficient to excuse a procedural

default, *see Murray v. Carrier,* 477 U.S. 478 (1986), and ineffective assistance claims may be raised for the first time under § 2255, *see Massaro v. United States,* 538 U.S. 500 (2003). However, because the court presumes that counsel is effective, a petitioner bears a heavy burden in making out a winning claim. *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002). The petitioner must show that his lawyer's performance was objectively deficient, and that this deficient performance so prejudiced his defense that he was deprived of a fair trial. *Shell v. United States,* 448 F.3d 951, 954 (7th Cir. 2006).

The district court may deny a § 2255 motion without holding a hearing or requiring the government to respond if the motion rests on conclusory or speculative allegations rather than specific factual allegations. *Gallo–Vasquez v. United States,* 402 F.3d 793, 797 (7th Cir. 2005). In order for a hearing to be granted, the motion must be accompanied by a detailed and specific affidavit showing that the petitioner has actual proof of the allegations going beyond mere unsupported assertions. *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996). The court may likewise deny summarily a § 2255 motion resting on factual allegations that are contrary to the record in the case. *See Eaton v. United States,* 458 F.2d 704, 706 (7th Cir. 1972); *see also Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004).

## DISCUSSION

In his motion, Petitioner raises numerous challenges to his change of plea, sentencing, and his counsels' investigations into potential defenses. For the reasons set forth below, none of Petitioner's claims have merit, so he cannot show prejudice

sufficient to overcome his procedural default or demonstrate ineffective assistance of counsel. *See Sandoval v. United States,* 574 F.3d 847, 850–51 (7th Cir. 2009).

## A. Claims One, Three, and Four

Petitioner couches arguments from his appeal as ineffective assistance of counsel claims one, three, and four, stating that counsel failed to raise these issues during the sentencing process. But, as the Petitioner acknowledges, the Seventh Circuit already rejected these arguments as frivolous, so allegations that counsel failed to raise the arguments are also frivolous here. In effect, Petitioner is attempting to appeal the decision of the Seventh Circuit to this lower, trial court, which is contrary this Court's jurisdiction established by Congress. This is not an appellate court, and it will not sit in review of the Seventh Circuit's ruling. Put simply, this § 2255 proceeding is not a means in which to rehash issues decided on appeal. *See Varela*, 481 F.3d at 935. Accordingly, Petitioner is not entitled to relief under claims one, three, and four.

## B. Claim Two

Petitioner claims that Welby instructed other counsel to obtain a video technician to "enhance the videos that support [his] claim of not using verbal threats that were essential to the elements of violence" (Doc. 1, p. 5). Petitioner does not identify counsel that received the instruction. Petitioner further alleges that Schultz "was also instructed to seek [an] expert technical investigator" (*Id.*). Petitioner additionally asserts that Skaggs was instructed to seek an alibi witness for a possible "Ambien defense" (*Id.*).

A § 2255 petitioner must come forward with specific acts or omissions of his counsel that constitute ineffective assistance. *Hutchings v. United States,* 618 F.3d 693, 697 (7th Cir. 2010). Generalized assertions will not suffice. To the extent that petitioner blames Welby, Skaggs, and Schultz for these failures, he cannot show prejudice. Petitioner fails to explain how any further investigation by counsel could have made a difference and presents no evidence that surveillance video in fact exists and could be enhanced. Also, Petitioner presents no affidavit or other statement from the potential alibi witness regarding a potential "Ambien defense;" indeed, he cannot even identify the witness by name. Moreover, during his change of plea, when asked by Judge Reagan whether he was satisfied with his counsel, he answered "I am" (Criminal Case, Doc. 75, p. 4). When asked by Judge Reagan whether there was anything counsel refused to do, was unwilling to do, or was unable to do in his defense, Petitioner answered "no" (*Id.*). Therefore, Petitioner is also not entitled to relief under claim two.

## CONCLUSION

Because Petitioner is not entitled to relief under any of his claims pursuant to 28 U.S.C. § 2255, his motion to vacate, set aside or correct sentence (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. Furthermore, Petitioner's Motion for Discovery is **DENIED** as **MOOT**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases instructs the district

court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting Tennard v. Dretke,* 542 U.S. 274, 281 (2004). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find this assessment of Petitioner's claims debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  May 11, 2021**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**